FRANCIS L. BATES *vs.* JOHN SLOAN & others.

Under an award, determining that the owners of a mill have not the right of flowing their pond between the 21st of April and the 21st of October, to the injury of the owner of the land above, and that they shall open the gates on the 21st of April in each year, and remove the flash-boards from the dam, and let the water pass off freely until it becomes level with a certain mark, and shall not flow or raise the water in their pond above that mark at any time between those dates, it is their duty not only to comply with the requirements of the award respecting the opening of the gates by the removal of the flash-boards, but to take effectual care that their dam does not, under any circumstances, raise the water above the prescribed level; and if they have not done so, it is immaterial to show that the increased height was owing to the letting down of water from a pond above.

TORT against mill-owners, to recover damages for flowing the plaintiff's land, in violation of an award determining the rights of the parties, and judgment thereon.

At the trial in the superior court, before *Ames*, J., it appeared that in April 1852 the plaintiff entered a complaint against the defendants for flowing his land, and afterwards the matter was submitted to referees, who made an award, which was accepted and judgment rendered thereon, and the material parts of which are as follows:

" We award and adjudge that said respondents have not established the right of flowing their mill-pond referred to in the

complaint, between the 21st of April and the 21st of October to the injury of the complainant's lands, and we have determined that their waste weir is too high, and that a part of the flash-boards should be taken off, but that said pond may be flowed within the aforesaid time, under certain restrictions, without injury or damage to said complainant's lands. And we therefore determine and order that every year hereafter, on the 21st day of April, said respondents shall open the gates of their mill, and remove all the flash-boards from their waste weir, and let the water pass off freely from their said pond until it becomes level with a bolt or other mark to be placed in a rock in said pond near the mill. Said mark to be on a level with the water when it is twenty-seven inches deep in the mill flume, and the respondents shall not flow or raise the water in their said pond above the aforesaid mark at any time between the said 21st of April and the 21st of October."

The defendants complied with this award until 1861. On the 21st of April of that year, they opened the gates and removed the flash-boards as usual, and drew down the water to the prescribed level ; but afterwards closed the gates, and on the 15th of May put on the flash-boards, the top of which was on a level with the mark in the rock, and the water was found for several days in succession to be from thirty-two to thirty-seven inches deep in the flume. The pond was only about an acre in extent, and running the mill for three quarters of an hour would bring down the water to the prescribed level. There was an ancient saw-mill on the stream, above the plaintiff's land Upon these facts, the plaintiff claimed a verdict for nominal damages.

The defendants then offered to prove that the referees chose one of their number to make the mark in the rock, and to give the height of the flash-boards thereafter to be used by them, and that he made the mark accordingly, and put down the same flash-boards which they have used ever since ; that the water, as it naturally came down the stream and passed over the flash-boards, would not be raised above the banks of the river upon the plaintiff's meadow, and that the increased height was owing to

the letting down of water from the pond above. The judge rejected this evidence, and ruled that upon the facts proved the plaintiff was entitled to recover. A verdict was accordingly rendered for the plaintiff, with $1 damages, and the defendants alleged exceptions.

*E. Avery*, for the defendants.

*W. Colburn*, for the plaintiff.

HOAR, J. 1. The evidence offered by the defendants and rejected by the court was wholly immaterial. The award, which determined the rights of the parties, decided that the defendants had no right to maintain their dam between the twenty-first day of April and the twenty-first day of October to the injury of the plaintiff's land; and that they should not maintain it between those dates in each year, except under certain restrictions which were carefully stated. One of these conditions was, that they should not flow or raise the water in their pond above a certain mark at any time within the period prohibited. This condition was in addition to the regulations prescribed for opening the gates and removing the flash-boards, and was independent of them. They were directed to do certain things to their dam; but when those were done, they were to take care not to raise the water above a certain height by means of any part of their dam. It was therefore of no consequence what they did to their dam, or how carefully they obeyed all the other directions of the award, if by means of their dam they caused the water to flow above the height fixed by the award. The evidence offered only tended to show that the defendants had lowered their dam in the manner which the award required, and which the arbitrators thought would be sufficient to accomplish the object intended. But the arbitrators had gone farther, and had besides prohibited any use of the dam which would raise the water above a given height.

2. The construction of the award is clear. It did not merely fix the height of the dam, but provided that the water should not be raised above a certain point. Whether the water came by the natural flow of the stream, or by letting down from the pond above, if by means of the defendants' dam it exceeded the

height allowed the action could be maintained. The case comes directly within the authority of *Winkley* v. *Salisbury Manuf. Co.* 14 Gray, 445 ; and the instructions at the trial were correct.

*Exceptions overruled.*